IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JASON L. NIEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  09-3304 |
| | ) |
| NATIONWIDE MUTUAL | ) |
| INSURANCE COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff Jason L. Nieman's Motion to Remand and Brief in Support (Motion) (d/e 4). Defendants Nationwide Mutual Insurance Company (Nationwide), Allied Mutual Insurance Company (Allied), M. Diane Koken, Fred C. Finney, Barry J. Nalebuff, William G. "Jerry" Jurgensen, Steven Rasmussen, Kirt Walker, Eric E. Smith, Timothy Cotter, Natalie Cadwallader, Jocelyn Curry, Vicki Schneider, David Sitz, Joseph Garber, Judy Reynolds, John Raybuck, and Raymond Flowers have filed Defendants' Opposition to Plaintiff's Motion to Remand (d/e 6). This matter is fully briefed and ripe for adjudication.

1

For the following reasons, Plaintiff's Motion is denied.

FACTS

On November 4, 2009, Plaintiff filed suit against Defendants in the Circuit Court of Sangamon County, Illinois, as case number 2009 L 296. See Notice of Removal (d/e 1), Ex. A, Complaint.  The ten-count Complaint alleges violations of various provisions of federal and state law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII); the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 (§ 1981); the Civil Rights Act of 1877, 42 U.S.C. § 1983 (§ 1983); the Sarbanes-Oxley Act of 2002, Pub. L. 107-204, 116 Stat. 745 (2002) (SOX); the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.; the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/1 et seq. (Whistleblower Act); the Indiana Civil Rights Law, IND. CODE ANN. § 22-9-1-1 et seq.; and Michigan's Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS ANN. § 37.2101 et seq.  It also presents claims for libel, slander, and breach of express or implied employment contract.

In short, Plaintiff claims that Defendants discriminated against him for being a white male, and that they had a policy of discriminating against similarly situated individuals.  He also alleges that he was the victim of a

retaliatory discharge when the Defendants fired him on June 21, 2009, from his position at Nationwide as field director of commercial claims. Plaintiff alleges that he was fired for several illegal reasons. First, he claims that Defendants fired him for complaining about alleged gender and racial discrimination to human resources personnel and to the Equal Employment Opportunity Commission (EEOC). Plaintiff also avers that the Defendants fired him because he lodged complaints about the companies' financial reserve reporting practices with higher-ups in the companies, various state insurance regulatory agencies, and the U.S. Securities and Exchange Commission (SEC).

The Defendants removed the case from state court to this Court on November 19, 2009, pursuant to 28 U.S.C. §§ 1331 and 1441. Notice of Removal. Plaintiff now seeks to remand the case back to the Circuit Court of Sangamon County.

## ANALYSIS

Plaintiff urges the Court to remand the case for numerous reasons. He admits that his lawsuit presents federal issues, but claims that it also raises "unusual and distinct" questions of state law. See Motion (d/e 4), p. 1. Defendants counter that removal was proper, and that the Court has

jurisdiction over all of Plaintiff's claims.

Federal district courts have original jurisdiction over all cases arising under federal law. 28 U.S.C. § 1331. Additionally, federal district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The inquiry is whether the claims "'derive from a common nucleus of operative fact' . . ." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164-65 (1997) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)).

A federal district court can exercise discretion not to hear supplemental claims in certain situations, such as when the claim presents "novel or complex" state law issues, or when the state claim "substantially predominates" over the federal claim. 28 U.S.C. §§ 1367(c)(1) and (2). When deciding whether to exercise its supplemental jurisdiction, a federal district court takes into consideration "principles of economy, convenience, fairness, and comity . . . ." Int'l College of Surgeons, 522 U.S. at 173.

Here, it is undisputed that the Court has original jurisdiction over Plaintiff's Title VII, § 1981, § 1983, and SOX claims, which arise under

federal law.  Plaintiff alleges that Defendants fired him in retaliation for complaining about discriminatory promotion policies, and for raising concerns about Nationwide's and Allied's financial reporting practices.  All of his claims, state and federal, are based on the circumstances surrounding his termination from Nationwide.  The claims are all part of the same "case or controversy" as required under 28 U.S.C. § 1367(a), and therefore, the Court finds that it has supplemental jurisdiction over Plaintiff's state-law claims.

Plaintiff's argument that the Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1) is unavailing.  Plaintiff seems to argue that his case belongs in state court because his state-law claims present "unusual and distinct" issues of state law.  See Motion, p. 1.  Specifically, he argues that insurance regulation is a matter of state jurisdiction.  However, as Defendants aptly point out, the fact that Plaintiff claims he was fired for complaining about alleged regulatory violations does not mean that his claims are ones involving insurance-company regulation and conduct.  Plaintiff's primary claims are ones for employment discrimination and retaliatory discharge, and they do not present "novel or complex" issues of state law as contemplated by 28 U.S.C. § 1367(c)(1).

5

Plaintiff finally argues that, should the Court decide it has jurisdiction, it should remand his state-law claims to the Circuit Court of Sangamon County. However, principles of judicial economy and efficiency weigh in favor of deciding all of Plaintiff's claims in one forum. All claims involve the circumstances surrounding Plaintiff's termination. Separating the federal claims from the state claims would unnecessarily tax judicial resources, needlessly subject all parties to duplicative discovery requests, and raise the specter of inconsistent outcomes. Accordingly, the Court declines Plaintiff's invitation to remand his state claims.

THEREFORE, Plaintiff's Motion to Remand and Brief in Support (d/e 4) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  December 10, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE