## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON L. NIEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3304 |
| | ) | |
| NATIONWIDE MUTUAL | ) | |
| INSURANCE COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Motion Requesting Class Certification, and Memordum [sic] in Support Thereof (Motion) (d/e 21). Defendants have filed Defendants' Opposition to Plaintiff's Motion Requesting Class Certification (d/e 23).  This matter is fully briefed and ripe for adjudication.  For the following reasons, the Motion is denied.

### FACTS

On November 4, 2009, Plaintiff filed suit against the various Defendants, alleging violations of federal and state law.  Plaintiff did not plead class-action claims in the Complaint.  Defendants removed the case

to federal court and filed their Motion to Dismiss, In Part, Plaintiff's Complaint (d/e 9), which is pending before the Court.

In short, Plaintiff claims that Defendants discriminated against him for being a white male, and that they had a policy of discriminating against white males. Among other things, Plaintiff alleges that he was the victim of a retaliatory discharge when Defendant Nationwide Mutual Insurance Company fired him on June 21, 2009, from his position as field director of commercial claims. Plaintiff alleges that he was fired for several illegal reasons, including for complaining about alleged gender and racial discrimination to human resources personnel and to the Equal Employment Opportunity Commission (EEOC).

Plaintiff now asks the Court to certify a class consisting of:

> All Caucasian male employees, or job applicants, who at any time since October 2005, have been or may be subjected to Nationwide Mutual Insurance Company's challenged hiring and promotional policies and practices; specifically the use of race and/or gender criteria to specifically deny candidacy or promotion to otherwise more qualified Caucasian male candidates.

Motion, p. 1.

## ANALYSIS

Federal Rule of Civil Procedure 23 requires the Court to determine

whether to certify a lawsuit as a class action at "an early practicable time after a person sues or is sued by a class representative . . . ." Fed. R. Civ. P. 23(c)(1)(A). The pleading requirements for a class action are dictated by Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to put the defendant on notice of the claim against it. Fed. R. Civ. P. 8(a)(2). Further, the plaintiff in a would-be class action lawsuit bears the burden of alleging and proving that the proposed class satisfies the criteria laid out in Rule 23(a).

In this case, Plaintiff did not include class-action allegations in the Complaint. This omission violates Rule 8's requirement that Plaintiff provide a "short plain statement" of the claims he is bringing, and the Complaint clearly fails to put Defendants on notice that Plaintiff is seeking to maintain a class action against them. See Fed. R. Civ. P. 8. Furthermore, the Complaint does not contain allegations encompassing the Rule 23(a) prerequisites for class certification. Plaintiff's articulation of these criteria in his Motion is insufficient. Because there are no class claims pending in this case, Plaintiff's Motion is improper and must be denied.

THEREFORE, Plaintiff's Motion Requesting Class Certification, And

Memordum [sic] In Support Thereof (d/e 21) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   February 26, 2010

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE