E-FILED
Thursday, 08 July, 2010 05:04:59 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| JASON L. NIEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3304 |
| | ) | |
| NATIONWIDE MUTUAL | ) | |
| INSURANCE COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Second Motion Seeking Leave to Amend Complaint (Motion) (d/e 34). Defendants have filed Defendants' Opposition to Plaintiff's Second Motion Seeking Leave to File an Amended Complaint (d/e 37). This matter is fully briefed and ripe for adjudication. For the following reasons, the Motion is denied.

FACTS

The facts of this case are explained in greater detail in the Court's Opinion of April 8, 2010 (April 8 Opinion) (d/e 30). Plaintiff filed this suit in the Circuit Court of Sangamon County, Illinois, on November 4, 2009.

1

On November 19, 2009, Defendants removed the case to this Court and filed their Motion to Dismiss, In Part, Plaintiff's Complaint (d/e 9), which the Court granted in its April 8 Opinion. Plaintiff's claims that survived the Motion to Dismiss are ones for retaliation, gender discrimination, and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) against Defendant Nationwide Mutual Insurance Company (Nationwide), and claims for race discrimination under the Civil Rights Act of 1991, 42 U.S.C. § 1981 (§ 1981) against Defendants Nationwide, Jocelyn Curry, Judy Reynolds, and John Raybuck.

Plaintiff then sought leave to file his First Amended Individual and Class Action Complaint (d/e 26-1), attempting to add new Defendants and claims to this action. The Court denied Plaintiff's request on April 9, 2010. Opinion of April 9, 2010 (d/e 31). Plaintiff then filed the Motion now before the Court, and subsequently filed the proposed Second Amended Individual and Class Action Complaint (Second Amended Complaint) (d/e 36-1 & 36-2). Defendants filed Defendants' Answer to Plaintiff's Complaint (d/e 35) on April 26, 2010.

## ANALYSIS

The Federal Rules of Civil Procedure allow a party to amend his

pleading once "as a matter of course" if he does so within certain specified time limits. Fed. R. Civ. P. 15(a)(1). In all other circumstances, the amending party must, prior to filing his amendment, obtain either: (1) consent from the opposing party; or (2) leave of court. Fed. R. Civ. P. 15(a)(2). This Court is to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see Doe v. Howe Military School, 227 F.3d 981, 989 (7th Cir. 2000). Federal district courts evaluate several factors when determining whether to grant leave to amend, including whether the proposed amendments would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004); General Elec. Capital Corp. v. Lease Resolution Corp., 128 F. 3d 1074, 1085 (7th Cir. 1997). An amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Gen. Elec. Capital Corp., 128 F. 3d at 1085; Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993); Aviation Professionals Inst. LLC v. Gary/Chicago Intern. Airport, 2007 WL 3286890, at *3 (N.D. Ind. Nov. 6, 2007); see Fed. R. Civ. P. 12(b)(6). A proposed amendment is likewise futile if it "'merely restates the same facts using different language, or reasserts a claim previously determined.'" Bower v. Jones, 978 F.2d 1004,

1008 (7th Cir. 1992) (quoting Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983)).

Plaintiff's proposed Second Amended Complaint contains the following amendments: (1) re-pleading his retaliatory discharge claim under Indiana law against Nationwide, Curry, Eric E. Smith, Bonnie O'Neil, and Natalie Cadwallader; and (2) a claim under Ohio law against Nationwide, M. Diane Koken, Fred C. Finney, Barry J. Nalebuff, William G. "Jerry" Jurgensen, Steve Rasmussen, Kirt Walker, Smith, Timothy Cotter, Cadwallader, Curry, Vicki Schneider, Joseph Garber, O'Neil, and David Bano.

As an initial matter, there are discrepancies between the parties and claims identified in the Motion, and the parties and claims listed in the proposed Second Amended Complaint. Additionally, the proposed Second Amended Complaint contains claims and parties that the Court has previously dismissed. The Court disregards any reference to claims and parties that appear only in the proposed Second Amended Complaint itself, and instead considers only the proposed amendments that appear in both the Motion and the proposed Second Amended Complaint.

I.  RETALIATORY DISCHARGE CLAIM UNDER INDIANA LAW

Plaintiff seeks to re-plead his claim for retaliatory discharge under Indiana law against existing Defendants Nationwide and Curry, former Defendants Smith and Cadwallader, and O'Neil. Defendants argue that Plaintiff's amendment is barred by the law-of-the-case doctrine and, in the alternative, that Plaintiff's attempt to invoke the public policy exception to Indiana's at-will employment doctrine fails as a matter of law. The Court addresses Defendants' second argument only.

As discussed in the April 8 Opinion, Indiana is an at-will employment jurisdiction. Montgomery v. Bd. of Trustees of Purdue Univ., 849 N.E.2d 1120, 1128 (Ind. 2006). This means that an employer can fire an employee at any time for any reason, or for no reason at all. Id. However, in limited situations the Indiana courts have recognized a public policy exception to this rule. Meyers v. Meyers, 861 N.E.2d 704, 706 (Ind. 2007); Orr v. Westminster Village North, Inc., 689 N.E.2d 712, 717 (Ind. 1997). To invoke the public policy exception to the at-will employment rule, the plaintiff must allege that he was terminated "in contravention of a 'clear statutory expression of a right or duty.'" Ryan v. Underwriters Labs., Inc., 2007 WL 2316474, at *8 (S.D. Ind. Aug. 8, 2007) (quoting Orr, 689

N.E.2d at 718)). The plaintiff must identify the statutory source of the right he exercised or the duty he fulfilled. Hostettler v. Pioneer Hi-Bred Intern., Inc., 624 F.Supp. 169, 172 (S.D. Ind. 1985). The exception does not apply when the statute providing the right in question provides its own remedial scheme. Groce v. Eli Lilly & Co., 193 F.3d 496, 503-04 (7th Cir. 1999); Ryan, 2007 WL 2316474, at *8.

Indiana courts have interpreted this exception narrowly, applying it only when an employee was fired for filing a worker's compensation claim, or when an employee was fired for "refusing to violate a legal obligation that carried penal consequences." Meyers, 861 N.E.2d at 707; see McGarrity v. Berlin Metals, Inc., 774 N.E.2d 71, 78-79 (Ind.App. 2002) (allowing exception when employee was fired for refusing to file fraudulent tax return); Call v. Scott Brass, Inc., 553 N.E.2d 1225, 1230 (Ind.App. 1990) (allowing exception when employee was fired for refusing to disregard jury summons); see also Groce, 193 F.3d at 502 ("[T]he vast body of Indiana law consistently has upheld the vitality of the employment-at-will doctrine, the narrowness of any public policy exception, and the conviction that revision of the long-standing at-will doctrine is best left to the Indiana legislature."). Indiana courts have refused to apply the exception to the at-

will employment rule when, for example, a drug company employee was terminated for reporting his supervisors' alleged misconduct in putting together drug safety reports for the Food and Drug Administration. Campbell v. Eli Lilly & Co., 413 N.E.2d 1054, 1061-62 (Ind.App. 1980); see Hostettler, 624 F.Supp. at 170-71 (refusing to apply exception when employee was terminated for reporting supervisor misconduct).

Here, Plaintiff's attempt to invoke the exception to Indiana's at-will employment rule fails. The proposed statutory bases for Plaintiff's retaliatory discharge claim are: (1) the Sarbanes-Oxley Act of 2002, Pub. L. 107-204, 116 Stat. 745 (2002); (2) the Indiana Unfair Claims Settlement Practices Act, Ind. Code §§ 27-4-1-1 et seq.; (3) the Illinois Unfair Claims Law Practices Act, 215 ILCS 5/154.5; (4) the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.; (5) Mich. Comp. Laws Ann. § 500.238, which is a provision of Michigan's Insurance Code of 1956; and (6) "federal statutes including, but not necessarily limited to," Title VII and § 1981. Second Amended Complaint, ¶ 237.

None of these provisions furnishes Plaintiff a statutory right sufficient to invoke the public policy exception to Indiana's at-will employment doctrine because each statute contains its own remedial scheme. See Groce,

193 F.3d at 503-04. Furthermore, as the Court has already ruled, Plaintiff cannot invoke provisions of Illinois and Michigan law because those laws do not have extra-territorial effect, and Indiana law governs any state law claim that Plaintiff may have. April 8 Opinion, p. 41-44. Plaintiff's proposed Second Amended Complaint fails to state a claim for retaliatory discharge under Indiana law. Allowing him to amend his Complaint to include such a claim would be futile, and his request is therefore denied.

II.   CLAIM UNDER OHIO LAW

Plaintiff also seeks leave to add claims against existing and new Defendants under the Ohio Civil Rights Act, Ohio Rev. Code Ann. §§ 4112.01 et seq. Defendants argue that Ohio law does not have extra-territorial effect, and that the Court has already determined that Indiana law applies to any state law claim that Plaintiff may have.

The Court agrees with Defendants. In its April 8 Opinion, the Court specifically stated that Plaintiff does not have "license to file suit willy-nilly under the laws of any state he deems advantageous." April 8 Opinion, p. 41. At all relevant times, Plaintiff was a resident of the State of Indiana. Plaintiff's argument that he should be allowed to invoke Ohio law because the positions he applied for were based in Ohio and because he would have

had to relocate to Ohio had he been offered one of those positions is without merit. Any alleged discrimination that Plaintiff suffered occurred in Indiana. The Ohio Civil Rights Act was designed to safeguard the rights of Ohio citizens, not Indiana citizens. See Campolieti v. Cleveland, 921 N.E.2d 286, 291 (Ohio App. 2009); Testimony of G. Michael Payton, Executive Director of the Ohio Civil Rights Commission, before the Ohio's House State Government Committee, June 3, 2009, http://crc.ohio.gov/pdf/hb176-testimony.pdf, p. 1 ("When the Ohio Civil Rights Act . . . was enacted approximately 50 years ago and was amended to provide broader protections over time, the [Ohio] General Assembly set forth a standard and expectation for how *Ohio's citizens* should be treated in places of employment . . . .") (emphasis added).

Allowing Plaintiff to amend his Complaint to include claims under the Ohio Civil Rights Act would be futile, and therefore the Court denies his Motion in this respect as well.

## CONCLUSION

In closing, the Court admonishes Plaintiff that, going forward, he should carefully evaluate the merits of his motions and pleadings prior to filing them with the Court. The Court understands that Plaintiff is pro se

and is entitled to some latitude, but also notes that a continuing onslaught of meritless motions will only result in delaying resolution of this matter; needlessly consuming judicial resources; and imposing unnecessary costs on the parties. If Plaintiff persists, the Court may hold him liable for attorneys' fees incurred by Defendants in responding to any frivolous motions, or the Court may impose a fine on Plaintiff. Plaintiff should dedicate his efforts to the viable claims still before the Court instead of continuing with his "kitchen sink" approach to prosecuting this case.

THEREFORE, Plaintiff's Second Motion Seeking Leave to Amend Complaint (Motion) (d/e 34) is DENIED. The only claims pending before the Court are Title VII claims for retaliation, race discrimination, and sex discrimination against Defendant Nationwide, and § 1981 claims against Defendants Nationwide, Curry, Reynolds, and Raybuck. Now that Defendants have filed Defendants' Answer to Plaintiff's Complaint (d/e 35), this matter is ripe for a Rule 16 scheduling conference before U.S. Magistrate Judge Byron G. Cudmore. See Text Order of April 12, 2010. IT IS THEREFORE SO ORDERED.

ENTER:  July 8, 2010

    FOR THE COURT:

                                                                  s/ Jeanne E. Scott
                                                   JEANNE E. SCOTT
                               UNITED STATES DISTRICT JUDGE